IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES JOHN | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-0267-L |
| | § | |
| DAVID BERKEBILE, Warden, | § | |
| FCI-Seagoville | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner James John, a federal prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be dismissed in part and denied in part.

I.

In 2007, petitioner was convicted of wire fraud and sentenced to 21 months confinement. His projected release date is February 15, 2009.[1] Although he is not scheduled for release for another 10 months, petitioner believes that he is eligible for placement in a halfway house or Community Corrections Center ("CCC"). Under regulations promulgated by the Bureau of Prisons ("BOP"), only inmates who are serving the final 10% of their term of imprisonment, not to exceed six months, are eligible for CCC placement. One regulation, 28 C.F.R. § 570.20, provides, in pertinent part:

> This subpart provides the Bureau of Prisons' (Bureau) categorical exercise of discretion for designating inmates to community confinement. The Bureau designates inmates to community confinement only as part of pre-release custody and programming

---

[1] This projected release date assumes that petitioner receives all available good conduct time credits.

which will afford the prisoner a reasonable opportunity to adjust to and prepare for re-entry into the community.

Another regulation, 28 C.F.R. § 570.21, addresses the timing of CCC designations:

> (a) The Bureau will designate inmates to community confinement only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months.
>
> (b) We may exceed these time-frames only when specific Bureau programs allow greater periods of community confinement, as provided by separate statutory authority (for example, residential substance abuse treatment program . . ., or shock incarceration program . . .).

However, contrary to the regulations giving the BOP categorical discretion in making CCC placement decisions, 18 U.S.C. § 3621(b) requires prison authorities to consider five specific factors in designating a place of imprisonment. Those factors are:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence--
>
> > (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> >
> > (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). By this suit, petitioner asks the court to invalidate the BOP regulations that are contrary to the statute and to order respondent to make a good faith determination as to whether

he should be placed in a halfway house or CCC considering the factors set forth in 18 U.S.C. § 3621(b).

After petitioner filed his federal writ, Congress passed the Second Chance Act of 2007, Pub.L.110-199, Title II, § 251(a), 122 Stat. 692 (Apr. 9, 2008), which amends 18 U.S.C. § 3624(c). Under the new statute:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community . . .
>
> * * * *
>
> The Director of the Bureau of Prisons shall issue regulations pursuant to this subsection not later than 90 days after the date of the enactment of the Second Chance Act of 2007, which shall ensure that placement in a community correctional facility by the Bureau of Prisons is--
>
>     (A)    conducted in a matter consistent with section 3621(b) of this title;
>
>     (B)    determined on an individual basis; and
>
>     (C)    of sufficient duration to provide the greatest likelihood of successful reintegration into the community.

18 U.S.C. § 3624(c)(1) & (6). Thus, the maximum allowable time frame for CCC placement has been increased to 12 months, and the BOP is now required to make placement decisions on an individual basis consistent with the criteria set forth in section 3621(b). In light of this new legislation, respondent moves to dismiss petitioner's application for writ of habeas corpus as moot. Petitioner was invited to address the mootness issue in a written response, but failed to do so. The court therefore considers this threshold jurisdictional issue without the benefit of a response.

II.

Federal courts have jurisdiction over actual cases and controversies. U.S. CONST. art. III; *Honig v. Doe*, 484 U.S. 305, 317, 108 S.Ct. 592, 601, 98 L.Ed.2d 686 (1988). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." *American Medical Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988). Such is the case here. The BOP regulations which petitioner seeks to invalidate have been "effectively erased" by the Second Chance Act. *See Coalition of Airline Pilots Assocs. v. FAA*, 370 F.3d 1184, 1185-91 (D.C. Cir. 2004) (dismissing as moot a case challenging certain FAA regulations where the regulations were "effectively erased" following the enactment of new federal law). As of last month, the BOP no longer follows 28 C.F.R. §§ 570.20 & 570.21 and PS 7310.04--the regulations challenged by petitioner in his federal writ. (*See* Resp. App. at 2, 4).

Petitioner is only 10 months away from his projected release date. Respondent has promised that petitioner will be reviewed for CCC placement "in the near future in conformity with the Second Chance Act[.]" (Resp. Ans. at 8). Under these circumstances, the court should dismiss as moot those claims involving 28 C.F.R. §§ 570.20 & 570.21 and PS 7310.04. *See Preiser v. Newkirk*, 422 U.S. 395, 402-03, 95 S.Ct. 2330, 2335, 45 L.Ed.2d 272 (1975) (holding that actions by defendant to remedy wrongful conduct, and good faith assurances that the wrong will not be repeated in the future, rendered case moot).

III.

To the extent petitioner challenges PS 7320.01, which concerns home confinement, he is not entitled to habeas relief. Home confinement is not a "place of imprisonment" and, therefore, does not implicate 18 U.S.C. § 3621(b). *See Grote v. Berkebile*, No. 3-07-CV-863-B, 2007 WL 4302933 at *7 (N.D. Tex. Dec. 5, 2007). Consequently, there is no basis for invalidating PS 7320.01 or any

*de facto* policy arising therefrom. *Id.*; *see also Mihailovich v. Berkebile,* No. 3-06-CV-1603-N, 2007 WL 942091 at * 10 (N.D. Tex. Mar. 28, 2007).

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed in part and denied in part. The claims seeking to invalidate 28 C.F.R. §§ 570.20 & 570.21 and PS 7310.04 should be dismissed as moot. The claims seeking to invalidate PS 7320.01 should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 21, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE